# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Wayne Evangelista and Prisoners of F.P.C. Duluth, Individually and as a Class,<br><br>Plaintiffs,<br><br>v.<br><br>Federal Bureau of Prisons and the Warden of F.P.C. Duluth,<br><br>Defendants. | Civil No. 25-CV-0778 (JMB/SGE)<br><br><br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Wayne Evangelista's Class Action Complaint, Dkt. 1 ("Complaint"), and Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 ("IFP Application").[1] For the reasons below, the Court recommends dismissing most of this action, but grants the IFP Application and enters service-related orders for the portion that remains.

**I.   Background**

Mr. Evangelista is an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). *See* Compl. 6.[2] He seeks to bring this lawsuit for himself and for a

---

[1] Mr. Evangelista filed two documents on the same day that could each qualify as an application to proceed *in forma pauperis*. *See, e.g.*, Dkt. Nos. 2–3. The Court treats these filings as a single request for IFP status in this action.

[2] Because the Complaint has no page numbers, the Court cites it with the page numbers assigned by this District's CM/ECF electronic-filing system.

proposed class of "the prisoners of [FPC-Duluth]." *Id.* at 1. The Complaint lists two defendants: the Federal Bureau of Prisons (which runs FPC-Duluth) and the "Warden of [FPC-Duluth]." *Id.* at 1-2.[3]

On the Court's read, the Complaint raises two types of claims. The first involves alleged toxic exposures at FPC-Duluth. The Complaint says inmates are "forced to reside in condemned buildings with known asbestos and lead paint contamination," and with "black mold." *Id.* Mr. Evangelista states that these conditions endanger inmates' health. *See id.* at 3. He further alleges that prison officials know about these hazards but have taken no meaningful steps to fix them, exposing inmates to "an unjustifiable risk of harm." *Id.*

The second set of claims alleges that the FBOP mishandles earned-time credits ("ETCs") awarded under the First Step Act ("FSA") as well as placements in residential reentry centers ("RRCs") as addressed by the Second Chance Act ("SCA"). *Cf.* 18 U.S.C. § 3632(d)(4) (providing for ETCs); *id.* § 3624(c)(1) (addressing RRC placement). Regarding ETCs, the Complaint states that Defendants have "failed to properly calculate and credit [p]risoners' time in accordance with the law," which makes inmates serve longer sentences than they should. Compl. 2. For RRC placement, Mr. Evangelista claims that FBOP staff "fail[] to properly determine [RRC] dates," such that eligible inmates are not transferred when they qualify. *Id.* at 3. Because of these alleged errors, the Complaint

---

[3] The Complaint does not say whether it sues the FPC-Duluth warden in his official capacity, individual capacity, or both. The Court will construe the Complaint as suing him in both. *See, e.g.*, *S.A.A. v. Geisler*, 127 F.4th 1133, 1135 (8th Cir. 2025) (en banc) (adopting "course of proceedings test" to address capacity questions); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (requiring that pro se filings be given "liberal construction").

asserts that inmates must spend extra months at FPC-Duluth instead of moving to other facilities or being released from custody. *Id.*

Based on these allegations, the Complaint asserts three causes of action. Count I claims that Defendants violated Plaintiffs' constitutional rights "to due process and humane treatment." *Id.* at 4. The Court understands this as invoking the Fifth Amendment's Due Process Clause and the Eighth Amendment's ban on "cruel and unusual punishments." Count II contends that Defendants violated provisions of the FSA and SCA. *See id.*[4] Count III alleges that Defendants have "deliberately neglected their duty to ensure safe, healthy, and dignified living conditions for all [FPC-Duluth] inmates." *Id.* at 5.[5] The Complaint does not specify the legal basis for this claim, but the Court reads it as invoking the Eighth Amendment and the Federal Tort Claims Act ("FTCA").[6]

---

[4] Although Count II cites only the FSA, *see* Compl. 4, the Complaint's arguments about RRC placement are best understood as claims alleging noncompliance with the SCA.

[5] Count III tries to link its toxic-exposure allegations to the FSA, but that link is not credible. *Id.* at 5 ("This neglect includes the continued housing of inmates in condemned infrastructure, exposure to hazardous environmental factors, and the denial of prescribed medical standards and legal rights, including those enshrined in the [FSA]."). The FSA simply does not address ostensibly toxic conditions at FBOP facilities. *See generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified as amended in scattered sections of 18, 21, and 34 U.S.C.).

[6] Generally speaking, the FTCA allows people to sue the federal government for money damages in federal court when federal employees, acting within the scope of their jobs, injure them through negligent or wrongful acts. *See generally* Federal Tort Claims Act, Pub. L. No. 79-601, tit. IV, 60 Stat. 812, 842–47 (1946) (codified as amended at 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680).

The Complaint seeks three main forms of relief: (1) a declaration that Defendants' actions are unlawful; (2) an injunction ordering safe, toxin-free housing, lifelong medical care for exposed FPC-Duluth inmates, accurate ETC calculations, and proper RRC-placement decisions; and (3) compensatory damages of $100,000 a prisoner per year. *See id.* at 5–6.

## II. Analysis

### a. Standards of review

Rather than pay this action's filing fee, Mr. Evangelista submitted the IFP Application, which suggests that as a financial matter, he would qualify for in forma pauperis ("IFP") status. But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [and IFP matter] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

When deciding if a complaint states a claim, a court accepts its factual allegations as true and allows the plaintiff every reasonable inference. *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)). The allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This is a "context-specific" test that relies on the court's "judicial experience

4

and common sense." *Id.* at 679; *see also Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). Although courts read *pro se* complaints liberally, the pleadings must still allege enough facts to support each claim. *See, e.g.*, *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741–42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Furthermore, under Federal Rule of Civil Procedure 12(h)(3), whenever a federal court finds it lacks subject-matter jurisdiction over an action, dismissal is required.

### b. Class claims

As a threshold issue, the Court must address Mr. Evangelista's effort to sue on behalf of a class. He cannot do so, for at least two reasons. First, non-attorneys cannot represent other people in federal court. *See, e.g.*, *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citing cases); *Brown v. Bagley*, No. 25-CV-2206 (DSD/DJF), 2025 WL 1502919, at *1 (D. Minn. May 27, 2025) (same). Second, Federal Rule of Civil Procedure 23(g) requires that any plaintiff class be represented by adequate counsel—emphasis on "counsel." Unsurprisingly, then, courts in this District regularly dismiss *pro se* complaints to the extent that they seek class relief. *See, e.g.*, *Braun v. Minnesota*, Case no. 22-cv-0710 (JRT/JFD), 2022 WL 17038976, at *5 (D. Minn. Nov. 17, 2022); *Hunter v. Mayo Clinic*, Case No. 21-cv-0742 (ECT/HB), 2021 WL 1877638, at *2 (D. Minn. Apr. 16, 2021), *report and recommendation adopted*, 2021 WL 1873430 (D. Minn. May 10, 2021).

This Court will follow the same path. The Court therefore recommends dismissing the Complaint to the extent Mr. Evangelista seeks to bring class claims. Because this flaw is not fixable, the Court recommends that this dismissal be with prejudice.

c.   **Duplicative claims**

Turning to Mr. Evangelista's individual claims, the Court finds that part of this action duplicates another case filed in this District. In that suit, he alleges that the FBOP miscalculated his ETCs, which (among other things) delayed his transfer to an RRC. *See* Compl. 1–6, *Evangelista v. Fed. Bureau of Prisons*, Case no. 25-cv-0777 (KMM/JFD) (D. Minn. Mar. 3, 2025). After this action's class claims are removed, its remaining ETC and RRC allegations cover the same ground.

Federal courts have an "inherent power" to dismiss duplicative claims to conserve judicial resources and protect defendants from piecemeal, vexatious suits. *See, e.g.*, *Althaus v. Cenlar Agency, Inc.*, Case no. 17-cv-0445 (JRT/DTS), 2017 WL 4536074, at *6 (D. Minn. Oct. 10, 2017) (citing *R.S. ex rel. S.S. v. Minnewaska Area Sch. Dist. No. 2149*, 894 F. Supp. 2d 1128, 1148 (D. Minn. 2012)); *Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Grp., LLC*, Case no. 07-cv-1359 (ADM/RLE), 2008 WL 11349715, at *6 (D. Minn. Apr. 10, 2008) (citing cases). When deciding whether claims are duplicative, courts ask whether the suits involve the same parties and the same causes of action (or legal theories based on the same nucleus of operative facts). *See, e.g.*, *Kuepers Const., Inc. v. State Auto Ins. Co.*, Case no. 15-cv-0449 (ADM/LIB), 2015 WL 4247153, at *10 (D. Minn. July 13, 2015) (citing cases); *Vaughn Co. v. Glob. Bio-Fuels Tech., LLC*, Case no. 12-cv-3056, 2013

WL 1900887, at *2 (D. Minn. May 7, 2013) (citing *Friez v. First Am. Bank & Trust of Minot*, 324 F.3d 580, 581 (8th Cir. 2003)).

Under these factors, the Complaint's ETC and RRC claims duplicate those in Case no. 25-cv-0777. In both suits, Mr. Evangelista sues the same defendants (the FBOP and FPC-Duluth's warden) for miscalculating his ETCs and delaying his RRC placement. Because the parties and underlying claims are identical, the Court recommends dismissing the ETC and RRC claims in this case (without prejudice to Mr. Evangelista's pursuit of those claims in Case no. 25-cv-0777).

### d.  FTCA exhaustion

The remaining claims concern Mr. Evangelista's alleged exposure to toxins at FPC-Duluth. As explained above, the Court treats these allegations as raising two causes of action: (1) an Eighth Amendment claim and (2) a tort claim under the FTCA.

The Court lacks jurisdiction over any FTCA claim; understanding why, however, requires backing up to consider federal sovereign immunity. This is a blanket protection that bars lawsuits against the United States and its agencies unless Congress has waived that immunity. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing cases); *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citing *Meyer*). This sovereign immunity also bars suits against federal officers in their official capacities (again, barring a waiver), because such actions are treated as suits against the United States itself. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an

agent.'" (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 650 (8th Cir. 2025) (quoting *Graham*).

The FTCA offers a way around sovereign immunity. Under 28 U.S.C. § 2674, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." *Cf.* 28 U.S.C. § 1346(b)(1) (establishing district-court jurisdiction over FTCA claims). So, if Mr. Evangelista could bring FTCA claims here, they could bypass that jurisdictional hurdle.

Unfortunately for Mr. Evangelista, however, under 28 U.S.C. § 2675(a), an FTCA suit can begin only after the plaintiff has "first presented the claim to the appropriate Federal agency" and the agency has denied it (or six months have passed without a decision). The U.S. Court of Appeals for the Eighth Circuit has called this "presentment requirement" a "jurisdictional term of the FTCA's limited waiver of sovereign immunity." *Mader*, 654 F.3d at 807–08; *see also, e.g.*, *Cheng v. Grenier*, Case no. 23-cv-0485 (WMW/DLM), 2024 WL 168627, at *5 (D. Minn. Jan. 16, 2024), *aff'd*, No. 24-1251, 2024 WL 3886675 (8th Cir. Aug. 21, 2024). Nothing in the record shows that Mr. Evangelista has presented his relevant claims to the FBOP. Because he has not met the presentment requirement, the Court lacks jurisdiction over his FTCA claims. The Court therefore recommends dismissing them without prejudice.

### e.   Eighth Amendment claims

This leaves Mr. Evangelista's Eighth Amendment claims. Federal sovereign immunity limits these as well. First, for the reasons described in Section II.d, any Eighth

Amendment claim for damages against the FBOP or against the FPC-Duluth warden in his official capacity is barred by federal sovereign immunity.

On the other hand, 5 U.S.C. § 702 states that "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States." Under this provision, Mr. Evangelista can pursue Eighth Amendment claims against the BOP and the warden (in his official capacity) to the extent he seeks prospective injunctive or declaratory relief.

The Complaint arguably raises Eighth Amendment individual-capacity claims against FPC-Duluth's warden. That raises the question of whether Mr. Evangelista can sue the warden in his individual capacity under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To decide this question, courts use a two-step test. *See, e.g.*, *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (citing cases); *Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020) (same). First, they ask whether the claim arises in a "new context"—that is, whether it differs meaningfully from the three situations in which the Supreme Court has previously allowed a *Bivens* remedy. *See Egbert*, 596 U.S. at 492. Second, if the context is new, a court must deny *Bivens* relief unless "special factors" suggest that Congress, not the judiciary, should decide the propriety of a damages action. *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (brackets added)).

Courts applying this test to prisoners' Eighth Amendment claims based on potential toxic exposure have consistently refused to extend *Bivens* to this field. *See, e.g.*, *Fleming*

9

*v. United States*, No. 20-cv-545 (RH/MJF), 2025 WL 1410017, at *1–3 (N.D. Fla. Apr. 9, 2025); *Vela v. Christian*, No. 20-cv-0990-C (BH), 2021 WL 5701382, at *6–10 (N.D. Tex. Nov. 5, 2021), *report and recommendation adopted*, 2021 WL 5632058 (N.D. Tex. Dec. 1, 2021); *Rodriguez-Ramirez v. Sessions*, No. 18-cv-2289 (MWF/PLA), 2019 WL 247225, at *3–4 (C.D. Cal. Jan. 17, 2019). The Court therefore recommends dismissing the Complaint's Eighth Amendment *Bivens* claim against the warden (in his individual capacity). And because no other individual-capacity claim remains, the Court recommends dismissing the warden (in his individual capacity) from this action. Because this *Bivens* issues cannot be fixed, the Court's dismissal recommendations here are with prejudice.

    **f.**    **Summary**

Given the discussion above, the Court recommends dismissing the Complaint except for one set of claims. The case should go forward only on Counts I and III, and only to decide whether Mr. Evangelista is entitled to injunctive or declaratory relief for alleged Eighth Amendment violations. The only remaining defendants are the FBOP and FPC-Duluth's warden (in his official capacity). Given this recommendation, the Court grants the IFP Application and will issue service orders.

Finally, the Court received a letter from Mr. Evangelista on March 14, 2025. The letter alleges mishandling of his mail and asks the Court to "place an Order to prevent retaliation" during these proceedings. *See* Dkt. 6 at 2. The Court treats this request as a motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a).

The Court recommends denying that motion. A party seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's

motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)); *Graham v. Koenig*, No. 23-CV-0263 (JWB/DLM), 2024 WL 2991221, at *4 (D. Minn. June 14, 2024) (quoting *Devose*). Here, while the Complaint concerns toxin exposure, the requested injunction targets mailroom practices. So "[a]lthough [the request's] new assertions might support additional claims against . . . prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Devose*, 42 F.3d at 471 (citing *Stewart v. United States I.N.S.*, 762 F.2d 193, 198–99 (2d Cir. 1985)).[7]

## RECOMMENDATION

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff Wayne Evangelista's Class Action Complaint, Dkt. 1 ("Complaint"), be **DISMISSED WITH PREJUDICE** insofar as Mr. Evangelista seeks to assert class claims.

2. The Complaint be **DISMISSED WITHOUT PREJUDICE**, as duplicative, to the extent it challenges earned-time credits under the First Step Act and placements in residential reentry centers under the Second Chance Act.

3. The Complaint be **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction, to the extent it (a) asserts claims under the Federal Tort Claims Act, or (b) seeks monetary damages, under the Eighth Amendment, from Defendants Federal Bureau of Prisons and the "Warden of [FPC-Duluth]."

4. The Complaint be **DISMISSED WITH PREJUDICE** to the extent

---

[7] Furthermore, even if the requested relief did match the Complaint's allegations, the Court would still recommend denying the motion. Mr. Evangelista's letter does not meaningfully address the Eighth Circuit's four-factor test for a preliminary injunction laid out by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

11

it seeks to bring Eighth Amendment claims against "Warden of [FPC-Duluth]" in his individual capacity.

5. Defendants "Warden of [FPC-Duluth]," as sued in his individual capacity, be **DISMISSED** from this action.

6. Mr. Evangelista's request for a preliminary injunction, Dkt. 6, be **DENIED**.

## ORDER

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Wayne Evangelista's Motion for Leave to Proceed In Forma Pauperis, Dkt. 2, be **GRANTED**.

2. Mr. Evangelista must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Mr. Evangelista does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Mr. Evangelista by the Court.

3. After the return of the completed Marshal Service Forms, the U.S. Marshals Service is directed to effect service of process, consistent with Rule 4(i)(2) of the Federal Rules of Civil Procedure, on (a) Defendant Federal Bureau of Prisons, and (b) Defendant "Warden of [FPC-Duluth]" (as sued in his official capacity).

Dated: June 3, 2025
　　　　　　　　　　　　　　　　　　　　*s/Shannon G. Elkins*
　　　　　　　　　　　　　　　　　　　　SHANNON G. ELKINS
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).