## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Wayne Evangelista, *individually and as a class*, *also known as* Wayne Nance Jr., and Prisoners of F.P.C. Duluth, *individually and as a class*,

        Plaintiffs,

v.

Federal Bureau of Prisons and the Warden of F.P.C. Duluth,

        Defendants.

File No. 25-CV-00778 (JMB/SGE)

**ORDER**

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Shannon G. Elkins, dated June 3, 2025. (Doc. No. 12.) The R&R recommends dismissing most of Plaintiff Wayne Evangelista's Class Action Complaint (Complaint). Evangelista makes several objections to the R&R. (Doc. No. 14.) Defendants did not respond. For the reasons discussed below, the Court overrules Evangelista's objections, adopts the R&R, and dismisses most of this action.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed factual history, the Court need not restate it all here.

Evangelista is an inmate at the Federal Prison Camp in Duluth, Minnesota (FPC-Duluth). (Doc. No. 1.) He brings claims against Defendant Federal Bureau of Prisons

(FBP), which runs FPC-Duluth, and Defendant Warden of FPC-Duluth. (*Id.*) Evangelista alleges that the inmates at FPC-Duluth are exposed to toxins. (*Id.*) He also alleges that the FBP mishandles earned-time credits (ETC) awarded under the Frist Step Act (FSA) and placements in residential reentry centers (RRC) under the Second Chance Act (SCA). (*Id.*) Evangelista makes these allegations on behalf of himself and a proposed class of prisoners of FPC-Duluth. (*Id.*) Based on these allegations, the Court construes the Complaint as invoking the Fifth Amendment's Due Process Clause and the Eighth Amendment's ban on "cruel and unusual punishments," as well as violations of the FSA, SCA, and the Federal Tort Claims Act (FTCA). For relief, Evangelista seeks the following: a declaration that Defendants' actions are unlawful; an injunction ordering safe, toxin-free housing, lifelong medical care for exposed FPC-Duluth inmates, accurate ETC calculations and proper RRC placement; and compensatory damages of $100,000 per prisoner per year. (*Id.* at 5–6.)

## DISCUSSION

Evangelista objects to the Magistrate Judge's recommended dismissal of most of this action. Before addressing each of the recommendations, and Evangelista's objections (or purported objections), the Court observes that portions of an R&R to which a party objects are reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Unobjected-to portions of an R&R, however, are reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Courts also liberally construe self-represented litigants' filings. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## I.   RECOMMENDATION TO DISMISS CLASS CLAIMS

First, the Magistrate Judge recommends dismissal of the Complaint with prejudice

to the extent it raises class claims because Evangelista, as a non-attorney, cannot represent a class of people in federal court. (Doc. No. 12 at 5–6.) Evangelista objects to this recommendation and advances an argument that the Magistrate Judge erred because he is "an Attorney in Fact." (Doc. No. 14.) The Court reviews this recommendation de novo, and for the following reasons, the Court overrules Evangelista's objection.

A member of a class may sue on behalf of other members if, among other things, the party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A self-represented litigant, however, cannot adequately represent the interests of a class because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)); *see also Ziegler v. Michigan*, 90 F. App'x. 808, 810 (6th Cir. 2004) (citing *Fymbo*) ("[N]on-attorneys proceeding pro se cannot adequately represent a class."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself." (quotation omitted)). Evangelista's argument that he is an "attorney-in-fact" in no way shows that he is authorized to practice law and represent others in federal court. *See Attorney*, Black's Law Dictionary (12th ed. 2024) (defining "attorney-in-fact" as "one who is designated to transact business for another; a legal agent" rather than "[s]omeone who practices law"). As a self-represented party, Evangelista may represent himself, but he cannot represent the interests of members in the class. Therefore, to the extent the Complaint asserts class claims, the Court will dismiss those claims with prejudice.

3

## II.    REMAINING RECOMMENDATIONS

### A.    Individual Capacity Claims Against the Warden

The Magistrate Judge also recommends dismissal of the Complaint with prejudice to the extent it asserts Eighth Amendment claims based on toxic exposure against the Warden in his individual capacity, and dismissal of the Warden, as sued in his individual capacity. (Doc. No. 12 at 9–10.) Evangelista makes a general, conclusory objection to these recommendations. (Doc. No. 14.) For the following reasons, the Court discerns no clear error by the Magistrate Judge[1] and adopts these recommendations.

Evangelista generally asserts that under the U.S. Supreme Court holding in *Loper*, the Warden "is in fact in his personal capacity," and the Magistrate Judge cannot "overrule" the standing precedent set in *Loper*. (Doc. No. 14.) The general objection, however, fails to fully cite to "*Loper*" or, more importantly, provide any analysis to support the assertion that the Magistrate Judge's recommendations conflict with that decision. Absent a developed argument from Evangelista that articulates factual or legal grounds for a specific objection, the Court cannot assess this argument. The Court has reviewed these recommendations for clear error and finds no clear error. Therefore, to the extent the Complaint asserts Eighth Amendment claims against the Warden in his individual capacity, those claims will be dismissed with prejudice, and the Warden, as sued in his individual capacity, will be dismissed from this action.

---

[1] Absent specific objections to the R&R, de novo review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Instead, the clear-error standard of review applies. *Id.*

### B.    Request for Preliminary Injunction

The Magistrate Judge also recommends denial of Evangelista's request for a preliminary injunction. (Doc. No. 12 at 10–11.) Once again, Evangelista makes a general, conclusory objection to this recommendation. (Doc. No. 14.) The Court again concludes that the Magistrate Judge did not clearly err and adopts this recommendation.[2]

Evangelista articulates various consequences that he claims have resulted from the Court's failure to issue an injunction and reiterates his request for injunctive relief. (Doc. No. 14.) These statements, however, do not advance any specific legal argument or include any substantive legal analysis. Absent the development and presentation of a specific objection to the recommendation to deny the request for a preliminary injunction, the Court reviews this recommendation for clear error. Because the Court discerns no clear error by the Magistrate Judge, it adopts the recommendation and denies the injunction request.

### C.    Unobjected-To Recommendations

Finally, the Magistrate Judge recommends dismissal of the Complaint without prejudice, as duplicative, to the extent it challenges handling of ETCs under the FSA and placements in RRCs under the SCA. (Doc. No. 12 at 6–9.) In addition, the Magistrate Judge recommends dismissal of the Complaint without prejudice, for lack of jurisdiction, to the extent that it asserts claims under the FTCA or seeks monetary damages under the Eighth Amendment from the FBP and Warden. (Doc. No. 12 at 6–9.) Evangelista does not object to these recommendations. (Doc. No. 14.) Thus, the Court reviews these

---

[2] As noted above, courts review general objections for clear error. *Montgomery*, 98 F. Supp. 3d at 1017.

portions of the R&R for clear error. *See Grinder*, 73 F.3d at 795. After review, the Court discerns no clear error concerning these recommendations and dismisses the Complaint without prejudice to the extent it raises these claims.[3]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   The Court OVERRULES Plaintiff Wayne Evangelista's Objection (Doc. No. 14) to the R&R.

2.   The Court ADOPTS the R&R (Doc. No. 12).

   a.   The Complaint (Doc. No. 1) is DISMISSED WITH PREJUDICE to the extent it asserts class claims, and to the extent it asserts Eighth Amendment claims against Defendant Warden of FPC-Duluth in his individual capacity.

   b.   The Warden, as sued in his individual capacity, is DISMISSED from this action.

   c.   The Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE to the extent it challenges handling of ETCs under the FSA and placements in RRCs under the SCA.

   d.   The Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE to the extent it asserts claims under the FTCA or seeks money damages, under the Eighth Amendment, from Defendants.

   e.   Evangelista's request for preliminary injunction (Doc. No. 6) is DENIED.

Dated: July 23, 2025

*s/ Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[3] At this time, the only remaining claims are Evangelista's request for injunctive or declaratory relief for alleged Eighth Amendment violations against the FBP and the Warden in his official capacity.